TINA M. BARTLEBAUGH, PRO SE
224 DELSEA DRIVE
WESTVILLE, NJ 08093
(856) 742-9359

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TINA M. BARTLEBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAMDEN; CAMDEN CITY POLICE DEPARTMENT; CAMDEN CITY POLICE OFFICER EDWIN FELICIANO,Badge No. 00000, in his personal capacity; CAMDEN CITY POLICE SERGEANT CAMUSO, Badge No. 00000, in his personal capacity; CAMDEN CITY POLICE LIEUTENANT PHILLIPS, Badge No. 00000, in his personal capacity; POLICE PERSONNEL OR OFFICERS a/k/a JOHN DOE(S) 1 - 25,<br><br>Defendants. | CIVIL ACTION NO.________________ |

Plaintiff, Tina M. Bartlebaugh, by way of Complaint against the Defendants, says:

JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 (a) in that Plaintiff has brought the instant civil action pursuant to 42 U.S.C. 1983, 1984, 1986, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1391 (b)(2).

2. Venue properly lies in the United States District Court for the District of New Jersey in that the alleged violations of Plaintiff's federal and state law rights occurred within the geographical boundaries of the District of New Jersey pursuant to 28 U.S.C. 1391 (b)(2).

## PARTIES

3. Plaintiff, Tina M. Bartlebaugh, is an adult citizen of the United States of America and a domiciliary of the State of New Jersey, residing in Westville, New Jersey.

4. Defendant, City of Camden, is a municipal corporation within the State of New Jersey and at all times material hitherto, was the employer of Defendants as Camden City Police Officers in its law enforcement department and was responsible hitherto for the overall investigation, selection, hiring, training, retention and was ultimately responsible for departmental accountability of all members of its police force including the above-referenced Defendant police officers. Said defendant developed, tested and thereafter instituted procedures, policies, practices and customs which tacitly endorsed the officers' illegal conduct which included, inter alia : use of unwarranted, excessive, and/or deadly force. Defendant, City of Camden, at all times material hereto maintained its offices at City of Camden, Law Department, City Hall, Suite 419, Camden, New Jersey 08101.

5. Defendant, Camden City Police Department is, on information and belief, either a governmental entity and/or public entity and/or instrumentality of the State of New Jersey which employs the

police/troopers who carry out the police duties within the State of New Jersey and the entity which is responsible for providing police protection to the occupants, inhabitants, and all other individuals within the boundaries of the State of New Jersey, and performs all activities and services commonly provided by a police department. At all times material hereto, this Defendant was the employer of the Camden City police officers and individuals involved in the incident which is more fully described hereinafter and this Defendant was responsible for the selection, training, equipping, assigning and supervision of said officers. Defendant, Camden City Police Department, at all times material hereto maintained its offices at 520 Market Street, Camden, New Jersey 08101.

6. Defendant, Camden City Police Officer Edwin Feliciano, Badge No. 00000, is being sued in his individual capacity and as an agent, servant, and/or employee of the Camden City Police Department and, at all times material hereto, was a Camden City Police Officer, then and there acting in his personal capacity and in his official capacity, was involved in the unwarranted use of deadly force against the Plaintiff, in violation of her constitutional, civil, statutory, and regulatory rights, and at all times hereunder acted under color of state law.

7. Defendant, Camden City Police Sergeant Camuso, Badge No. 00000, is being sued in his individual capacity and as an agent, servant, and/or employee of the Camden City Police Department and, at all times material hereto, was a Camden City Police Officer, then and there acting in his personal capacity and in his official capacity, was involved in the unwarranted use of deadly force against

the Plaintiff, in violation of her constitutional civil, statutory, and regulatory rights, and at all times hereunder acted under color of state law.

8. Defendant, Camden City Police Lieutenant Phillips, Badge No. 00000, is being sued in his individual capacity and as an agent, servant, and/or employee of the Camden City Police Department and, at all times material hereto, was a Camden City Police Officer, then and there acting in his personal capacity and in his official capacity, was involved in the unwarranted use of deadly force against the Plaintiff, in violation of her constitutional, civil, statutory, and regulatory rights, and at all times hereunder acted under color of state law.

9. Police Personnel John Does 1-25, are police officers or supervisory officers employed by the Camden City Police Department and are being sued in their respective individual capacities and as agents, servants, and/or employees of the Camden City Police Department and, at all times material hereto, were Camden City Police Officers, then and there acting in their individual capacity and in their official capacity, and were involved in the unwarranted use of deadly force against the Plaintiff, in violation of her constitutional, civil, statutory, and regulatory rights, or contributed to same through their failure to act to prevent the acts complained of herein, and at all times hereunder acted under color of state law.

FACTUAL ALLEGATIONS

10. On or about January 8, 2003 the Plaintiff, Tina M.

Bartlebaugh, along with her companion Joseph Kunz, alighted from a northbound New Jersey Transit bus at Broadway and Everett Street in the City of Camden.

11. Upon leaving the bus and reaching the sidewalk, Plaintiff Bartlebaugh and Mr. Kunz were accosted by three members of the Camden City Police Department, Defendants Officer Edwin Feliciano, Badge No. 00000, Sergeant Camuso, Badge No. 00000, Lieutenant Phillips, Badge No. 00000, and/or John Does 1-25. At the time of this incident, Defendants Feliciano, Camuso, Phillips, and John Does 1-25 were then and there clothed in the official uniform of the Camden Police Department, and were outfitted with law enforcement equipment.

12. The Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25, in a wanton, reckless manner, without justification, illegally and without probable cause arrested and seized the person of the Plaintiff, and willfully, maliciously, and intentionally perpetrated a brutal assault upon the Plaintiff, Tina M. Bartlebaugh, thus committing a battery on the Plaintiff and inflicting serious injuries.

13. Following the above-described assault, the Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25 failed to secure and provide proper professional medical rescue and/or assistance for the Plaintiff, Tina M. Bartlebaugh, through the means at their disposal at local hospitals or other medical facilities.

14. The Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25, as trained public safety officials, failed to provide any medical assistance to

the Plaintiff, Tina M. Bartlebaugh.

15. Officer Edwin Feliciano signed a spurious complaint against the Plaintiff in the Camden Municipal Court for "interfering with the investigation of an assault." The Plaintiff appeared to defend herself in Camden Municipal Court on this complaint on four occasions, once pro se and three times with private counsel. The last three times that Plaintiff appeared, her counsel demanded a trial, but the State was not ready to proceed, because Officer Feliciano did not appear to testify. On the fourth and final occasion, Judge Faison found on the record that Officer Feliciano had been properly subpoenaed. Judge Faison then went on to dismiss the charges, and he further assessed thirty dollars in court costs against Officer Feliciano.

16. The Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25 thereby violated the Plaintiff's rights under the laws of the United States, in particular the Fourth and Fourteenth Amendments to the United States Constitution, her rights under the New Jersey Constitution, as well as her federal and New Jersey statutory and regulatory rights.

17. In assaulting the Plaintiff, Tina M. Bartlebaugh, the Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25 violated the rules and regulation of the New Jersey State Attorney General's Guidelines on the use of force, including deadly force, by law enforcement officers.

18. The conduct of the Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does

1-25 was done in a menacing manner, designed to cause the Plaintiff fear for her life, distress, and horror.

19. The acts of the Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25 were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and by conduct so egregious as to shock the conscience.

20. The acts of the Defendants were committed without cautious regard or due care, and with such wanton and reckless disregard for the consequences as to show the Defendants' conscious indifference to the danger of harm and injury to the Plaintiff.

21. The aforesaid conduct of the Defendants was wanton, willful, intentional, and without legal justification.

22. The Defendants, Officer Edwin Feliciano and/or Sergeant Camuso and/or Lieutenant Phillips and/or John Does 1-25 engaged in the aforesaid conduct for the purpose of violating the Plaintiff's constitutional rights by subjecting her to excessive force, and causing her to be seriously injured.

23. Officer Feliciano subjected the Plaintiff to malicious prosecution, in violation of her federal constitutional rights, and her state constitutional, statutory, and regulatory rights.

24. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered pain, fear, horror, chagrin, loss of liberty, confinement, grievous physical injuries, and the loss of the enjoyment of life, all to her great detriment and loss.

25. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered loss of income and deprivation of

other liberty interests, including the incurring of counsel fees to defend herself against the spurious charge signed against her by Officer Feliciano, to her great financial detriment and loss.

## COUNT ONE - CIVIL RIGHTS VIOLATIONS
## PLAINTIFF v. DEFENDANT, OFFICER EDWIN FELICIANO, SERGEANT CAMUSO, AND LIEUTENANT PHILLIPS

26. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 in their entirety, as if set forth herein at length.

27. As a direct and proximate result of the above-described unlawful and malicious conduct of the Defendants Officer Edwin Feliciano, Sergeant Camuso, Lieutenant Phillips, and/or John Does 1-25, committed both in their respective individual capacities and under color of their authority as Camden City Police Officers of the Camden City Police Department and while acting in that capacity, the Plaintiff suffered grievous bodily harm, in violation of her rights under the laws and constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. 1983.

28. The Plaintiff was the victim of unreasonable and excessive force and summary punishment at the hands of the Defendants, Officer Edwin Feliciano, Sergeant Camuso, Lieutenant Phillips, and/or John Does 1-25. The force administered by the Defendants, Officer Feliciano, Sergeant Camuso, and Lieutenant Phillips, and/or John Does 1-25 was grossly disproportionate to whatever the Plaintiff's acts may have been, was unreasonable, grossly excessive, and deprived the Plaintiff of her frights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments

thereof, and the laws and Constitution of the State of New Jersey. The assault on the Plaintiff by the Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and/or John Does 1-25 was unwarranted, cruel, inhuman, unjustifiable, and excessive.

29. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and/or John Does 1-25 subjected the Plaintiff to these deprivations of her rights unreasonably, with a reckless disregard for whether Plaintiff's rights would be violated by his actions and/or by actions shocking to the conscience.

30. As a direct and proximate result of the acts and omissions of the Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and/or John Does 1-25, the Plaintiff suffered serious injury, was forced to endure great pain and mental suffering, and was deprived of her physical liberty, suffered a loss in income and earning capacity, and has been and in the future will be required to undergo extensive medical treatment, all to the Plaintiff's great detriment and loss.

31. As a direct and proximate of the wrongful conduct of the Defendant, Officer Feliciano, in signing an unfounded complaint for "interfering with the investigation of an assault," the Plaintiff suffered substantial damages as well as costs of suit and the costs of defending herself in Camden Municipal Court.

32. The Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. 1988.

COUNT TWO - VIOLATION OF RIGHTS SECURED BY

THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. 1983

PLAINTIFF V. ALL DEFENDANTS

33. The Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 33 in their entirety, as if set forth at length herein.

34. The conduct of the Defendants, as hereinbefore set forth, deprived the Plaintiff of her right to be secure in her person and to be free from unwarranted use of force, to the due process of law, to the equal protection of the laws ( to the extent that actions may have bee taken against the Plaintiff based upon membership in a protected class), and otherwise violated the Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. 1983.

35. The conduct of the Defendants, as hereinbefore set forth, constitutes conduct under the color of state law which subjected, resulted and otherwise caused a loss or deprivation of the Plaintiff's rights as secured by the laws of the United States and the laws of the state of New Jersey and their respective Constitutions.

36. The conduct of the Defendants evidences a custom, policy, pattern, and/or practice of violating the rights of citizens, a deliberate indifference to the rights of citizens and to the duties and responsibilities imposed upon Defendants as law enforcement officials, the use of excessive force, the making of unlawful arrests, official oppression, and the general abuse of police powers.

37. The conduct of the Defendants demonstrates that the City of

Camden, the Camden City Police Department, and their respective agents:

a. Failed properly to screen, and otherwise to hire and employ, persons as police officers who are psychologically fit and otherwise fit;

b. Failed properly to train and supervise the officers, supervisors and managers they employ;

c. Failed to implement appropriate policies, practices and procedures, including, but not limited to, policies, practices, and procedures concerning arrests and the use of force;

d. Failed properly to train and supervise officers, supervisors, and managers with respect to preventing and reporting the misconduct and unlawful conduct of other officers, supervisors, and managers;

e. Failed to take appropriate disciplinary action against those officers, supervisors, and managers who violate the laws and the rights of the citizens of New Jersey and the United States;

f. Failed to restrain the use of excessive force, and to have clear, concise, and appropriate directives regarding same;

g. Failed properly to train, test, an/or select its officers;

h. Failed to have clear, concise, and appropriate police directives;

i. Failed to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective action at all levels of the Camden City Police Department;

j. Failed to have proper counseling, use of force retraining,

sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police department who have prior and ongoing complaints of excessive force.

38. As a direct and proximate result of Defendants' conduct, as hereinbefore set forth, the Plaintiff has suffered severe and permanent physical and psychological injuries, including, but not limited to, severe physical pain and suffering, severe emotional distress, loss of companionship and/or mental anguish, which will continue indefinitely into the future.

39. As a result of Defendants' wrongful conduct, the Plaintiff has suffered substantial damages plus the costs of this suit.

40. The Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. 1988.

COUNT 3

STATE CONSTITUTIONAL CLAIMS

41. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

42. The illegal and unconstitutional acts of the Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and John Does 1-25, both in their individual and official capacities, constituted acts and a custom and/or policy to use unlawful force against Plaintiff,and falsely to arrest and seize her person, in violation of her protected constitutional rights under the New Jersey State Constitution, including, but not limited to, Article I, Section I (Due process and equal protection), Section 5 (Denial of rights; discrimination), and Section 7 (Freedom from unreasonable searches and seizures).

COUNT 4

VIOLATION OF 42 U.S.C., SECTION 1983

43. Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

44. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips,

John Does 1-25, the City of Camden, and/or Camden City Police Department conspired with one another and individually or collectively and under color of State law deprived Plaintiff of her constitutional and civil rights by, among other things:

Stopping and detaining Plaintiff without probable cause;

Falsely arresting Plaintiff;

Falsely imprisoning Plaintiff;

Depriving Plaintiff of his constitutional right to due process;

Depriving Plaintiff of his constitutional right to equal protection of the laws;

Failing to train subordinates;

Failing to supervise/control subordinates;

Failing to correct the unconstitutional/discriminatory practices of subordinates;

Improperly screening, hiring, training, supervising, disciplining, and

retaining dangerous police officers.

45. The above acts constitute a violation of the Civil Rights Act, 42 U.S.C. Section 1983 for violation of one's civil and constitutional rights under color of State law.

46. As a proximate result of the aforementioned acts, Plaintiff

has been damaged and has suffered severe emotional injuries, including mental distress and anguish.

COUNT 5

VIOLATION OF 42 U.S.C. SECTION 1986

47. Plaintiff repeats each and every allegation contained in the above paragraphs as if set forth at length herein.

48. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and John Does 1-25, in both their individual and official capacities, had knowledge of the discrimination/violation of constitutional rights perpetrated on Plaintiff, but neglected and failed to prevent said wrongful and and illegal acts when they had the power to do so. This neglect, aid and refusal to prevent or rectify is a violation of the Civil Rights Act, Section 1986. As a proximate result of the above mentioned acts, Plaintiff has been damaged and has suffered severe and permanent injuries and was forced to endure extreme pain, suffering and emotional distress and mental anguish and a deprivation of rights.

COUNT 6

VIOLATION OF CIVIL RIGHTS - FALSE ARREST - LACK OF PROBABLE CAUSE

49. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

50. The Fourth Amendment to the United States Constitution, made applicable to New Jersey authorities by the due process clause of the Fourteenth Amendment, protects against unreasonable seizures of the person.

51. The Defendants, Officer Feliciano, Sergeant Camuso,

Lieutenant Phillips, and John Does 1-25, deprived Plaintiff of the right to be free from arrest without probable cause secured to her by the United States Constitution and consequently are liable to Plaintiff under 42 U.S.C . Section 1983 and 42 U.S.C. Section 1985.

COUNT 7

STATE FALSE ARREST

52. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

53. The State of New Jersey protects all persons from false arrest.

54. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and John Does 1-25, effected the false arrest of Plaintiff.

COUNT 8

STATE MALICIOUS PROSECUTION

55. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

58. The State of New Jersey protects all persons from malicious prosecution.

59. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and John Does 1-25, confederated, conspired, and agreed to and did maliciously prosecute Plaintiff in Camden Municipal Court for "interfering with the investigation of and assault.

COUNT 9

STATE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff repeats each and every allegation contained in

the preceding paragraphs as if set forth at length herein.

61. The State of New Jersey protects all persons from the intentional infliction of emotional distress.

62. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and John Does 1-25, and each of them confederated, conspired, agreed to and did intentionally inflict on Plaintiff emotional distress.

COUNT 10

VIOLATION OF CIVIL RIGHTS - MALICIOUS PROSECUTION

63. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

64. The Defendants, Officer Feliciano, Sergeant Camuso, Lieutenant Phillips, and John Does 1-25, confederated, conspired, and agreed to maliciously prosecute Plaintiff for "interfering with the investigation of an assault."

65. On May 7, 2003, the fourth court date listed for this charge, Judge Faison of the Camden Municipal Court dismissed the charge because the State failed to produce any witnesses. Judge Faison further assessed thirty dollars in court costs against Officer Feliciano, who had signed the charges, because he failed to appear in court to prosecute the matter.

COUNT 11

NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISING, DISCIPLINING, AND RETENTION OF DANGEROUS AND DISCRIMINATORY POLICE OFFICERS - VIOLATION OF 42 U.S.C. SECTION 1983

66. Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

67. Defendants City of Camden, Camden City Police Department,

and John Does 1-25 were negligent in screening, hiring, training, supervising, disciplining and retaining the Defendants herein under their supervision who they knew or should have known were dangerous police officers or acting in furtherance of illegal procedures in this and/or other incidents.

68. Defendants City of Camden, Camden City Police Department, and John Does 1-25 who were supervisory personnel, knew of previous such incidents as described herein and failed to correct same and/or knew of this specific incident and failed to correct same as such communicating to their subordinates a message of approval of the specific and general types of actions practiced herein.

69. As a proximate result of the above-mentioned acts, Plaintiff has been damaged and has suffered severe and permanent injuries and was forced to endure extreme pain, suffering, and emotional distress and mental anguish, and a deprivation of rights under the civil rights laws.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for relief and judgment against the Defendants, including but not limited to:

A. An award of compensatory damages and punitive damages which are allowed by statute pleaded herein or as permitted by common law as well as any interest and costs of suit;

B . An award of reasonable attorneys' fees and all costs of court and interest thereon;

C. An award of damages as allowed under 42 U.S.C. Sections 1981, 1983, 1985, and 1986;

D. Any other award and equitable relief allowed by statute, or pursuant to the equitable and just power of the Court to which the Plaintiff is entitled.

/s/ Tina M. Bartlebaugh

Dated: January 7, 2005 Tina M. Bartlebaugh, Plaintiff, Pro Se

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each Defendant and as to each count.

Dated: January 7, 2005 /s/ Tina M. Bartlebaugh

Tina M. Bartlebaugh, Plaintiff, Pro Se

**CERTIFICATION PURSUANT TO CIVIL PRACTICE RULE 5-1**

Pursuant to the provisions of Rule 5-1, the undersigned Plaintiff, Pro Se, hereby certifies to the best of her knowledge, information, and belief that:

1. The matter in controversy is not the subject of any other proceeding.

2. There is no other action or arbitration contemplated.

3. There are no other parties who should be joined in the matter in

controversy.

I certify that the foregoing statements made by me are true and

correct to the best of my knowledge, information, and belief.

Dated: January 7, 2005 /s/ Tina M. Bartlebaugh

Tina M. Bartlebaugh, Plaintiff, Pro Se