```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TINA M. BARTLEBAUGH, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 05-121 (JBS) |
| v. | |
| CITY OF CAMDEN, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, U.S. District Judge:

This matter is before the Court upon the motion by Plaintiff Tina M. Bartlebaugh for reconsideration of the Court's October 27, 2005 Order dismissing the Complaint under Rule 12(b)(5), Fed. R. Civ. P.  For the following reasons, Plaintiff's motion will be granted, and Defendant Feliciano will be ordered to answer or otherwise respond to the Complaint within twenty days.

**I.   BACKGROUND**

Plaintiff pro se filed the Complaint on January 7, 2005.  By Order dated February 18, 2005, the Court ordered the case administratively terminated due to Plaintiff's failure to apprise the Court of her address change as required by Local Civil Rule 10.1(a).  On April 1, 2005, counsel entered an appearance on Plaintiff's behalf and filed a motion to vacate the Court's February 18, 2005 Order.  The Court granted Plaintiff's motion to vacate by Order dated April 5, 2005.

According to Plaintiff, copies of the summons and complaint were sent to each Defendant, including Edgar Feliciano, on April

15, 2005.  On May 10, 2005, one of the defendants, Sergeant Michael Camuso, filed an Answer.  On July 5, 2005, Plaintiff contends that copies of the alias summons and complaint were left with Officer Debra Nemeth, a person authorized to accept service of process according to the return of service.  On October 13, 2005, Defendant Feliciano moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) for failure to properly effectuate service of process.  Due to a clerical error, the Docket mistakenly indicated that Plaintiff's opposition to Defendant Feliciano's dismissal motion was due no later than October 24, 2005.  No opposition was filed by that date, and the Court filed an Order granting the dismissal motion as unopposed by Order dated October 27, 2005.

Pursuant to Local Civil Rule 7.1(d), however, Plaintiff's opposition to Defendant's motion was actually due on November 4, 2005.  The instant motion for reconsideration was filed on November 3 and, thus, the Court has fully considered the arguments advanced by Plaintiff.  Defendant Feliciano has submitted no opposition to Plaintiff's motion.

**II.  STANDARD OF REVIEW**

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  That rule requires that the moving party set forth the factual matters or controlling legal authority that it

2

believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. <u>DeLong Corp. v. Raymond Int'l, Inc.</u>, 622 F.2d 1135, 1140 (3d Cir. 1980), <u>overruled on other grounds by</u> <u>Croker v. Boeing Co.</u>, 662 F.2d 975 (3d Cir. 1981); <u>Williams v. Sullivan</u>, 818 F. Supp. 92, 93 (D.N.J. 1993).

### III. DISCUSSION

Pursuant to Rule 4(e)(1), Fed. R. Civ. P., service of process upon an individual from whom a waiver has not been obtained and filed may be effected in the District of New Jersey pursuant to New Jersey law. According to N.J. Ct. R. 4:4-4(c), a copy of the summons and complaint may be delivered by ordinary mail in lieu of personal service. That provision further provides that service by ordinary mail "shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto . . . . If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule . . . ." N.J. Ct. R. 4:4-4(c).

Here, service of the summons and complaint should have been effected by May 6, 2005. <u>See</u> Fed. R. Civ. P. 4(m). According to Plaintiff, copies of the summons and complaint were mailed to Defendant Feliciano on April 15, 2005. There is no indication

Feliciano did not receive this mailing. However, Defendant Feliciano did not answer or otherwise appear within 60 days following mailed service. Accordingly, Plaintiff was required under N.J. Ct. R. 4:4-4(c) to effect service by other appropriate means, normally, by personal service upon the Defendant or upon a person under authority to accept service on his behalf.

Under N.J. Ct. R. 4:4-4(a)(1), service may be effectuated by delivering a copy of the summons and complaint to a person authorized by appointment or by law to receive service of process on the individual's behalf. Here, as noted above, Plaintiff contends that on July 5, 2005, at 9:59 A.M., copies of the alias summons and complaint were personally delivered to Officer Debra Nemeth, a person authorized to accept service of process according to the affidavit of service, at the Police Administration Building in Camden, New Jersey. (See Pl. Ex. E.) The Court finds that such means of service was proper, and that the Court did not have the opportunity to consider the foregoing when it granted Defendant Feliciano's dismissal motion on October 27, 2005.[1] Accordingly, the Court will grant Plaintiff's motion for reconsideration.

---

[1] The Court is troubled that Defendant Feliciano's dismissal motion did not reference any facts relating to delivery of the alias summons and complaint. Regardless of Defendant's position concerning the sufficiency of that attempt, the Docket clearly reflects that the foregoing occurred on July 5, 2005, well before Defendant Feliciano filed his motion to dismiss. [Docket Item 12.]

**III. CONCLUSION**

For the foregoing reasons, the Court will grant the motion for reconsideration by Plaintiff, and order Defendant Feliciano to answer or otherwise respond to the Complaint within 20 days from the date the Order is entered.


February 16, 2006                  **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                             U.S. District Judge