NOT FOR PUBLICATION                                         [Docket No. 63]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| TINA M. BARTLEBAUGH,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF CAMDEN, et al.,<br><br>        Defendants. | Civil No. 05-0121 (RMB)<br><br>**OPINION** |

APPEARANCES:

John J. Finnegan, III, Esq.
William C. O'Brien, Jr., Esq.
20 Sharon Ave.
Mays Landing, NJ 08330
    Attorneys for Plaintiff

Mark M. Cieslewicz, Esq.
Office of the City Attorney
4th Floor - Suite 419
P.O. Box 915120
Camden, NJ 08101
    Attorney for Defendant City of Camden and Camden City Police
    Department

Cheryl L. Cooper, Esq.
Holston, MacDonald, Uzdavinis & Ziegler, PC
66 Euclid Street
P.O. Box 358
Woodbury, NJ 08096
    Attorney for Defendant Edwin Feliciano

Charles F. Blumenstein, II, Esq.
Green, Lundgren & Ryan
1010 Kings Highway South, Building 2
Cherry Hill, NJ 08034
    Attorney for Defendant Camuso

Ralph Kramer, Esq.
605 White Horse Pike
Haddon Heights, NJ 08035
    Attorney for Defendant Phillips

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court upon Defendant, Edgar Feliciano's renewed motion for summary judgment as to Plaintiff's state law malicious prosecution claim.  For the reasons set forth below, this Court will deny Defendant's renewed motion.

**Background:**[1]

On January 8, 2003, Plaintiff exited a New Jersey Transit bus in Camden, New Jersey near the intersection of Broadway and Everett Street with her boyfriend Joseph Kunz.  Soon after exiting the bus, Plaintiff was approached by two Camden Police officers: Camuso and Phillips.  Plaintiff avers that Camuso and Phillips grabbed her forearm and pulled it behind her back in a forceful manner, took her purse off her shoulder, and forcefully handcuffed her. Pl.'s SOF at ¶¶ 15 & 17-18.  The officers then "yanked" Plaintiff around and shoved her into the wall of the building where she stumbled and hit her head.  Id. at ¶ 17-18. She then fell to the ground and hit her head, elbow and shoulder.

---

[1] This Court will only discuss the facts relevant to the instant motion as the background of this case was set forth at length in this Court's oral Opinion on October 19, 2007.

Id. at ¶ 19.  Plaintiff was yanked up by the handcuffs while she was crying and had blood "gushing from her head." Id. at ¶ 20.  At some point, Officer Feliciano arrived and separated Joseph Kunz from the group.  Id. at ¶ 24.  Plaintiff was taken to the hospital for treatment.  Officer Feliciano arrived at the hospital with Joseph Kunz and issued Plaintiff a summons for violation of Camden City Ordinance §395-8 (related to "disturbance near quiet facilities").[2]  Id. ¶ 27.  When Plaintiff went to court for the summons, Officer Feliciano failed to show up on four different occasions and was assessed court costs.  Id. at ¶ 30.[3]

On January 7, 2005, Plaintiff filed a Complaint with this Court asserting multiple claims against Camuso, Phillips and

---

[2] This Ordinance is entitled "Disturbances Near Quiet Facilities" and states: "No person shall, by noisy or disorderly conduct, disturb or interfere with the quiet or good order of any place of assembly, public or private, including but not limited to, any school, house of worship, library or reading room."

[3] Officer Feliciano offers a markedly different account: when he arrived on the scene, Plaintiff was sitting on the curb, handcuffed and bleeding from her head.  Feliciano SOF at ¶ 10.  Plaintiff appeared to be intoxicated and uncooperative.  Id. at ¶ 12.  Feliciano, pursuant to orders by his superior officers, wrote a report and issued Plaintiff a hand summons for improper behavior (interfering with officers trying to investigate and assault).  Id. at ¶¶ 13-14.  Plaintiff was taken by ambulance to West Jersey Hospital in Camden and the ambulance crew noted Plaintiff was positive for "ETOH" (alcohol).  Id. at  ¶ 15.  While at the emergency room, Plaintiff was uncooperative and refused medical treatment - she left the emergency room against medical advice.  Id. at  ¶ 16 & Feliciano Ex. N.  Feliciano did not appear in municipal court to testify regarding the ticket and was disciplined for his failure to appear.  Id. at  ¶ 19.

Feliciano. Feliciano moved for summary judgment and, on October 19, 2007, this Court granted his motion with regard to Plaintiff's false arrest and 42 U.S.C. § 1983 claim for malicious prosecution. This Court denied Feliciano's motion for summary judgment without prejudice as to Plaintiff's state malicious prosecution claim, finding that an issue of fact remained as to whether probable cause existed. [Docket No. 62]. The Court allowed the parties to further brief the issue of immunity as it applied to the remaining claim.

**Applicable Standard:**

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4]  Fed. R. Civ. P. 56(c). In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v.

---

[4] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[5]  Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

**Discussion:**

In its prior Opinion, this Court gave the parties leave to adequately brief and argue qualified immunity as it relates to the remaining state law claim for malicious prosecution pending against Defendant Feliciano.  Moreover, this Court asked the parties to address the issue of jurisdiction over the remaining state law claim against Feliciano for malicious prosecution.  As an initial matter, this Court notes that it is satisfied that it retains jurisdiction over the remaining claim against Feliciano as there are remaining related federal claims against other Defendants.  28 U.S.C. § 1367(a).

Thus, the Court will address the arguments made by the

---

[5] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

5

parties in their supplemental submissions regarding immunity as it relates to the malicious prosecution claim under New Jersey law.  In his supplemental submission, Feliciano argues that he is entitled to the defenses and immunities of the Tort Claims Act ("TCA").  Feliciano avers that "Plaintiff's injuries do not pierce the tort claims threshold and must be dismissed summarily" because Plaintiff has no objective medical proof of a substantial and permanent injury.

In addition to citing the verbal threshold, Defendant avers that he is immune from Plaintiff's claims under N.J. Stat. Ann. 59:3-8, which states that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment." Feliciano avers that he can only be liable for malicious prosecution if "[P]laintiff proves that Defendant Feliciano's conduct constituted actual malice, actual fraud, willful misconduct or amounted to a crime."  Def.'s Br. at 4.

While Defendant argues that Plaintiff has set forth no evidence to meet her burden on this issue, i.e., there is no evidence of malice or ill will, this statement conflicts with the Court's finding on October 19, 2007, that there was an issue of fact regarding probable cause and that "a reasonable jury might infer from the lack of probable cause that Feliciano's primary purpose was one other than bringing the plaintiff to justice."

Because malice can be inferred from a primary purpose other than bringing the offender to justice, this Court has already found that an issue of fact remains regarding malice.  Therefore, Defendant's argument that he is entitled to immunity pursuant to the Tort Claims Act must be rejected.

With regard to the verbal threshold, it is clear that the verbal threshold requirement does not apply "if it is established that [the complained of] conduct was outside the scope of [defendant's] employment or constituted. . . actual malice." N.J. Stat. § 59:3-14.  Thus, if an issue of fact exists as to whether the Defendant acted with actual malice, and this Court has already held that there is such an issue, "the verbal threshold cannot be applied as the means of either limiting or eliminating the] opportunity to recover damages."  Kelly v. Cty. of Monmouth, 380 N.J. Super. 552, 564 (N.J. App. Div. 2005).  If Plaintiff proves that Feliciano was motivated by actual malice (an element of the malicious prosecution claim) the verbal threshold does not apply.  Thus, Defendant is not entitled to summary judgment.

An appropriate Order will issue this date.


Dated: December 13, 2007            **s/Renée Marie Bumb**
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE